Joan B. Tucker Fife (SBN: 144572)
JFife@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Emilie C. Woodhead (SBN: 240464)
EWoodhead@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| TIM WOMELDORF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No. 2:26-at-00683**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT U.S. BANK NATIONAL ASSOCIATION**<br><br>Complaint Filed: March 10, 2026 |

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant U.S. BANK NATIONAL ASSOCIATION ("U.S. Bank" or "Defendant") hereby removes this action from the Superior Court of the State of California for the County of Sacramento to this United States District Court for the Eastern District of California.

## I.   INTRODUCTION

1.   This case is hereby removed from state court to federal court pursuant to 28 U.S.C. § 1332, § 1441(b), and § 1446 because (1) complete diversity of citizenship exists between the relevant parties; (2) the claims of Plaintiff Tim Womeldorf ("Plaintiff") exceed $75,000 exclusive of interest and costs; and (3) this Court is in the judicial district and division embracing the place where the state court action was initiated and is pending. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

## II.   VENUE

2.   Plaintiff filed this action in the Superior Court of the State of California, County of Sacramento ("Sacramento Superior Court"). Venue therefore properly lies in the United States District Court for the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. §§ 84(c), 1391, and 1441(a).

## III.   THE STATE COURT ACTION IN THIS CASE

3.   On March 10, 2026, Plaintiff filed a Complaint against U.S. Bank in Sacramento Superior Court titled *Tim Womeldorf v. U.S. Bank National Association et al.*, Case No. 26CV006098.

4.   The Summons and Complaint were personally served on U.S. Bank's agent for service of process pursuant to California Code of Civil Procedure section 416.10 on March 27, 2026. A true and correct copy of the Summons and Complaint,

1

along with all other documents concurrently served (the Civil Case Cover Sheet, Notice of Civil Home Court Assignment and Case Management Conference, and Alternative Dispute Resolution Information Packet) is attached hereto as **Exhibit A**. A true and correct copy of the Proof of Service of Summons upon U.S. Bank is attached hereto as **Exhibit B**.

5. The Complaint alleges claims for: (1) Medical Condition/Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Engage in the Interactive Process in Violation of FEHA; (3) Denial and Interference of California Family Rights Act Leave ("CFRA"); (4) Age Discrimination in Violation of FEHA; (5) Retaliation in Violation of FEHA and/or CFRA; (6) Retaliation under Labor Code section 1102.5; (7) Negligence; (8) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; (9) Wrongful Termination in Violation of Public Policy; and (10) Waiting Time Penalties.

**IV.   BASIS FOR FEDERAL JURISDICTION UNDER 28 U.S.C. § 1332**

The Court has original jurisdiction over this action because it is an action among citizens of different states involving an amount in controversy that exceeds $75,000, exclusive of interests and costs. 28 U.S.C. §§ 1332(a), 1441(a). Defendant offers a "short and plain statement of the grounds" for this Removal below. *See Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019) ("removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements").

**A.   Complete diversity exists between Plaintiff and Defendant.**

**i.   Defendant is not a citizen of California.**

6. U.S. Bank was, at the time of the filing of this action, and still is a citizen of a state other than California. U.S. Bank was and is a national banking association with its main office in Cincinnati, Ohio. Accordingly, U.S. Bank National Association was and is a citizen of Ohio. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for purposes of all other actions by or against them, be deemed citizens of the

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

States in which they are respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank, for purposes of 28 U.S.C. § 1348, "is a citizen of the state in which its main office, as set forth in its articles of association, is located").

7. Defendant is not aware of any other defendant having been served with a copy of the Complaint.

8. The caption also lists "DOES 1 through 50" as defendants. There are no "Doe Defendants" in federal district court. For purposes of removal, "the citizenship of defendant sued under fictitious names *shall* be disregarded." 28 U.S.C. § 1441(b)(1) (emphasis added); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join in the removal petition). Codefendants not served need not join in the removal for the removal to be proper. *Destfino v. Reiswig*, 630 F.3d 952, 955-57 (9th Cir. 2011).

9. In sum, Defendant is not a citizen of California (and instead is a citizen of Ohio).

### ii.     Plaintiff is a citizen of California.

10. Plaintiff is a California citizen. A natural person is a citizen of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Avina v. Ford Motor Co.*, CV 23-10573(PA), 2024 WL 688664 (C.D. Cal. Feb. 20, 2024). "A person's domicile is her permanent home, where []he resides with the intention to remain or to which []he intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "It is a longstanding principle that '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.'" *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).

11. Here, Plaintiff alleges that he "is a resident of California and at all times relevant to this action, resided in Placer County and performed work for Defendant in Sacramento County." Compl. ¶ 1. Plaintiff became an employee of U.S. Bank when it

acquired MUFG Union Bank, N.A. ("Union Bank") in approximately 2022. Plaintiff's Union Bank records indicate that when he applied to work there in 2002—24 years ago—Plaintiff listed his home address as being in Roseville, California, and listed a phone number with a 916 area code (which is an area code that serves the greater Sacramento area of California). On his application, Plaintiff also indicated that his Union Bank location preference was Sacramento and stated that he attended high school at James Monroe High School, which is a school located in North Hills, California. Based on information that Plaintiff submitted to both Union Bank and U.S. Bank during the course of his employment, Plaintiff has consistently listed a home address located in California. And by alleging that he is currently a California resident (Compl. ¶ 1), Plaintiff has chosen to remain in California since his termination in or around November 2024. These factors demonstrate Plaintiff's "intent to remain" in California and establish domicile in California. *See, e.g.*, *Kaldis v. Wells Fargo Bank, N.A.*, No. 2:16-cv-06407-ODW-GJS, 2016 WL 6407377, at *7 (C.D. Cal. Oct. 28, 2016) (noting that other objective facts, including plaintiff's place of employment and his own statement in a complaint that he resided in California, may further establish a plaintiff's citizenship for purposes of removal).

12.     Thus, the matter in controversy is between citizens of different states as required by 28 U.S.C. § 1332(a)(1), i.e.: Plaintiff, a California citizen and Defendant, a citizen of Ohio.

**B.     The amount in controversy exceeds $75,000.**

13.     Plaintiff does not specifically allege the amount of damages in his Complaint; nor does he allege that the amount in controversy is less than $75,000. He has, however, alleged that the amount of damages sought by the Complaint exceeds $35,000, such that he seeks the jurisdiction of a California state court of unlimited jurisdiction. *See* Ex. A, Civil Case Cover Sheet; Compl. ¶ 3 (asserting that "the damages sought exceed the jurisdictional minimum" of Sacramento Superior Court). Thus, Plaintiff has acknowledged that the amount of controversy exceeds $35,000,

exclusive of attorneys' fees. *See* Cal. Civ. Proc. Code § 85 *et seq.* (clarifying that an "unlimited civil case" is one where the demand or the amount in controversy exceeds $35,000, exclusive of interest, attorneys' fees, and costs).

14.    Where a complaint does not state a total amount in controversy, a defendant need only show by a preponderance of the evidence that the amount in controversy requirement has been met. *Republic Bag, Inc. v. Beazley Ins. Co.*, 804 F. App'x 451, 452 (9th Cir. 2020). As the Ninth Circuit has explained, "[t]he amount in controversy is simply an estimate of the total amount in dispute." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). That is, the amount in controversy refers to "*possible* liability"—not "likely or probable liability." *Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989, 994 (9th Cir. 2022) (citing *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020)). It is "supposed to be an estimate of the *entire* potential amount at stake in the litigation." *Id.*

   **i.**  **Plaintiff's allegations in the Complaint support the finding that Plaintiff has put more than $75,000 in controversy.**

15.    To determine the amount in controversy, the Court must consider the aggregate of general, special, and punitive damages in addition to attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that statutory attorneys' fees are to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).

16.    Additionally, the amount in controversy "'includes *all* relief claimed at the time of removal to which the plaintiff would be entitled if []he prevails – and is not limited to damages incurred prior to removal.'" *Beltran v. Procare Pharmacy, LLC*, No. 219-CV-08819-ODW-RAOX, 2020 WL 748643, at *2 (C.D. Cal. Feb. 14, 2020) (emphasis added) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416–18 (9th Cir. 2018). Even though the amount in controversy "is assessed at the

5

time of removal, [it] does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Id.* (internal quotation marks omitted) (emphasis in original).

17.    ***Lost earnings includes past and future wages.*** Plaintiff seeks lost earnings, alleging that he has already lost wages and will continue to lose wages. *See, e.g.*, Compl. ¶¶ 66, 154, 163 ("Plaintiff has suffered lost wages"); *see also* Compl., Prayer for Relief. "[C]ourts may separate wages into two categories: past wages—i.e., lost wages between the date of Plaintiff's termination and the date of removal—and future wages—i.e., lost wages between the date of removal and trial." *Beltran*, 2020 WL 748643, at *3 (internal quotations omitted). *See also Krasezewki v. State Farm Gen. Ins. Co.*, 912 F.2d 1182, 1184 (9th Cir. 1990) (in a discrimination case, back pay is awarded from the date of the alleged discriminatory act until the date of final judgment).

18.    ***Past wages:*** Plaintiff's employment with U.S. Bank was terminated in or around November 2024. Compl. ¶ 6. At the time of his termination, Plaintiff was employed full-time making an annual salary of $153,922.62. Thus, Plaintiff's weekly rate of pay was approximately $2,960.05 ($153,922.62 ÷ 52 weeks). Past wages from the time of Plaintiff's termination to removal are **$227,923.85** ($2,960.05 x 77 weeks). This alone exceeds the $75,000 jurisdictional threshold. **Thus, Plaintiff's claim for past wages alone exceeds the amount in controversy.**

19.    ***Future wages:*** To determine lost wages from the time of removal to trial, one year is an appropriate and conservative approach. *Beltran*, 2020 WL 748643, at *3 ("When the date of a trial is not set, courts have found one year from the date of removal to be a conservative trial date estimate."). One year of lost wages is **$153,922.62** (Plaintiff's annual salary at the time of his termination).

20.    In sum, Plaintiff's **total claim for lost wages** from termination to trial is: **$381,846.47**. In fact, the wage claim may be higher because Plaintiff may seek "front wages" to account for lost wages and/or loss of earning capacity after trial.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

21.   ***Emotional Distress.*** Plaintiff also claims damages for emotional distress. *See, e.g.*, Compl. ¶¶ 66, 79, 95, 113, 125, 137, 147, 155, 164, Prayer for Relief. Using "a common sense assessment" of "claims in the context of an employment action, it is reasonable to apply a 1:1 ratio to emotional distress and economic damages for purposes of the . . . jurisdictional analysis." *Garfias v. Team Indus. Servs.*, No. LA CV17-04282 JAK (AGRx), 2017 WL 4512444, at *12 (C.D. Cal. Oct. 10, 2017); *see also Vasquez v. Arvato Digital Servs., LLC*, No. CV 11-02836 RSWL, 2011 WL 2560261, at *4 (C.D. Cal. June 27, 2011) ("emotional distress damages in a successful disability discrimination case may be substantial"). Here, emotional distress damages equal to back wages amount to an additional **$381,846.47**.

22.   ***Punitive Damages.*** Plaintiff also seeks punitive damages due to Defendant's alleged malice, oppression, and/or fraud. *See, e.g.*, Compl. ¶¶ 68, 81, 96, 114, 126, 138, 148, 156, 165, Prayer for Relief. Because "[p]unitive damages are available under FEHA[,] . . . the Court may consider punitive damages when determining the amount in controversy." *Vasquez,* 2011 WL 2560261 at *4; *see also Richmond*, 897 F. Supp. at 450. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Halidman v. Cont'l Cas. Co.*, 666 F. App'x 612, 613-14 (9th Cir. 2016). "[D]istrict courts within the Ninth Circuit have deemed a 1:1 ratio of punitive damages to compensatory damages as 'conservative' for purposes of assessing the amount in controversy requirement." *Cotoc v. Dolex Dollar Express, Inc.*, No. LACV20-06066 JAK (MAAx), 2021 WL 3783581, at *6 (C.D. Cal. Aug. 25, 2021) (collecting cases, citations omitted); *see also Johnson v. Wal-Mart Assocs.*, No. CV 22-7425-MWF (MRWx), 2023 WL 2713988, at *7 (C.D. Cal. Mar. 30, 2023). Using a conservative estimate that amounts to a 1:1 ratio of back wages to punitive damages amounts to an additional **$381,846.47**.

23.   ***Attorneys' Fees.*** Where the underlying substantive law "authorizes an award of attorneys' fees, . . . such fees may be included in the amount in controversy."

*Cotoc*, 2021 WL 3783581, at *6. This includes "future attorneys' fees as well as attorneys' fees incurred prior to removal." *Id.* California Government Code section 12965 provides for attorneys' fees for a prevailing party in a FEHA and/or CFRA action. Plaintiff asserts claims for such fees. *See, e.g.*, Compl. ¶¶ 67, 80, 95, 113, 125, 137, 147, 164, 171, Prayer for Relief. "Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours." *Cotoc*, 2021 WL 3783581, at *6. With respect to Plaintiff's counsel's hourly rate, to estimate the amount of future attorneys' fees recoverable, district courts within the Ninth Circuit "may rely on 'their own knowledge of customary rates and their experience concerning reasonable and proper attorneys' fees,'" (*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018)), and they have treated an hourly rate of $300 as "reasonable" for attorneys in employment cases. *See, e.g.*, *La Grow v. JetBlue Airways Corp.*, 2024 WL 6843582, at *1–2 (N.D. Cal. Nov. 4, 2024) (deeming an "hourly rate of $300 to $500 . . . reasonable" in a case involving PAGA claims for alleged wage violations and individual claims of retaliation). Using the *low* end of the hours range (100 hours) and the *low* end of the hourly rate range ($300), a reasonable estimate of Plaintiff's attorneys' fees in controversy is **$30,000** ($300 x 100)—and this is before applying any multiplier or accounting for any of the other damages sought by Plaintiff. Thus, the conservative estimate of attorneys' fees alone represents approximately 40% of the jurisdictional threshold.

24.     ***Amount in Controversy.*** As discussed above, Plaintiff's alleged economic damages of lost wages *to date* are **$227,923.85**. These damages alone exceed the $75,000 jurisdictional minimum 28 U.S.C. § 1332(a) requires. The amount in controversy is even higher when taking into account the above conservative calculations of the amount in controversy based on lost future wages, emotional distress damages, punitive damages, and attorneys' fees (and not including other damages sought in the Complaint). Thus, the jurisdictional minimum is met.

## V.    COMPLIANCE WITH STATUTORY REQUIREMENTS

25.    Pursuant to 28 U.S.C. § 1446(a), Defendant attaches hereto as **Exhibit A** a true and correct copy of the Summons and Complaint, along with all process, pleadings, and orders served on Defendant. These are the only pleadings, process, or orders in the state court's file that have been served on Defendant up to the date of filing this Notice of Removal.

26.    Also attached hereto is a true and correct copy of the Proof of Service of Summons upon Defendant (**Exhibit B**).

27.    This Notice of Removal is timely filed with this Court. Pursuant to 28 U.S.C. § 1446(b), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Here, Plaintiff served Defendant on March 27, 2026. Accordingly, this Notice of Removal is timely because it is filed within 30 days of Defendants' receipt of notice that this case became removable pursuant to 28 U.S.C. § 1446(b)(3).

28.    As required by 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff's attorneys of record and will promptly file a copy of this Notice of Removal with the Clerk for the Sacramento Superior Court.

29.    WHEREFORE, Defendant respectfully requests that these proceedings, titled *Tim Womeldorf v. U.S. Bank National Association et al.*, Case No. 26CV006098, currently pending in the Sacramento Superior Court, be removed to this Court.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Dated: April 24, 2026                    WINSTON & STRAWN LLP

                                         By: /s/ Emilie C. Woodhead
                                             Joan B. Tucker Fife
                                             Emilie C. Woodhead
                                             Attorneys for Defendant

                                         U.S. BANK NATIONAL ASSOCIATION

10